UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

George C. Garland

    v.                                   Civil No. 17-cv-171-JD

New England

### REPORT AND RECOMMENDATION

George C. Garland, a pro se litigant proceeding in forma pauperis, has filed a complaint (Doc. No. 1). The matter is before this court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).

### Preliminary Review

In conducting a preliminary review of a complaint filed in forma pauperis, this court may dismiss the case before defendants appear, if the court determines that the complaint fails to state a claim, or that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff's pleadings are construed liberally in light of plaintiff's pro se status. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

Plaintiff's allegations are disjointed and conclusory, and frequently fail to identify who he alleges is liable for the harms claimed. The complaint alleges facts about a summer camp where he alleges more than a thousand campers were sexually assaulted, and the complaint describes plaintiff's interactions with Concord Police Department ("CPD") officers, CPD Chief Osgood, state court judges, health care providers at Concord Hospital, and others. Plaintiff asserts that he, his relatives, and/or others known to him have been the victim of violent crimes, rape, murder, torture, and assaults.

**Discussion**

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)).

The claims in the complaint appear to be factually frivolous. Moreover, none of the allegations give rise to any cause of action cognizable here. Accordingly, the complaint

should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the foregoing reasons, the complaint should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 16, 2017

cc: George C. Garland, pro se