UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

<u>George C. Garland</u>

    v.                                                    Civil No. 17-cv-171-JD

<u>New England</u>

### SUPPLEMENTAL REPORT AND RECOMMENDATION

George C. Garland, a pro se litigant proceeding in forma pauperis, has filed a motion entitled "Motion to Unseal Files 1972-42-GeorgeCGarland-JV-01" (Doc. No. 7), alleging facts that clarify the claims asserted in the original complaint (Doc. No. 1) in this matter.  On October 16, 2017, this court conducted a preliminary review of Garland's initial complaint (Doc. No. 1), and issued a Report and Recommendation (Doc. No. 5) ("October 16 R&R") recommending that this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  The court, applying the same standard applied in the October 16 R&R, now addresses the factual assertions in Document No. 7, in addition to the facts asserted in the original complaint.

### Discussion

The October 16 R&R (Doc. No. 5) recommended that this action, naming "New England" as a defendant, be dismissed as factually frivolous, and/or for failure to state a claim upon

which relief can be granted. In Document No. 7, Garland asserts additional facts, which indicate that he intended to name Concord Hospital and Camp Fatima as defendants in this case, and that Garland believes he was the victim of criminal conduct that occurred while he was at Camp Fatima.

Liberally construed, neither Document No. 1 nor Document No. 7 contains factual assertions sufficient to assert a claim for relief under federal law or to otherwise invoke the federal question jurisdiction of this court. Further, there is no basis for the court to exercise its diversity jurisdiction in this matter, see 28 U.S.C. § 1332, as the parties in this case are not of diverse citizenship.

## Conclusion

For the foregoing reasons, the case should be dismissed, without prejudice to Garland's ability to assert claims against Concord Hospital or Camp Fatima under state law, in any state court with jurisdiction over such claims. Any objections to the October 16 R&R, or this Supplemental Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the

specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                      _____
                                      Andrea K. Johnstone
                                      United States Magistrate Judge

November 1, 2017

cc: George C. Garland, pro se